**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joe Mack FLOWERS, Defendant–**
**Appellant.**

**No. 07–11891**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 3, 2007.

Linda Julin McNamara, U.S. Attorney's
Office, Tampa, FL, for Plaintiff–Appellee.

Joe Mack Flowers, Coleman, FL, pro se.

Before TJOFLAT, DUBINA and
MARCUS, Circuit Judges.

PER CURIAM:

Appellant Joe Mack Flowers appeals the
district court's denial of his *pro se* motion
to reduce his sentence pursuant to 18
U.S.C. 3582(c)(2), which Flowers had
based on Amendment 505 to the United
States Sentencing Guidelines ("U.S.S.G.").
On appeal, Flowers argues that the district
court abused its discretion by denying his
motion to reduce his sentence because
Amendment 505 permitted a reduction.
Flowers argues that, after the promul-
gation of Amendment 505, his base offense
level would have been 38 instead of 43, and
he would not have received a mandatory
sentence of life imprisonment.[1]

We review the denial of a motion to
reduce sentence pursuant to 18 U.S.C.
§ 3582(c)(2) for an abuse of discretion.
*See United States v. Vautier,* 144 F.3d 756,
762 (11th Cir.1998) ("A § 3582(c)(2) motion
is discretionary and the district court did
not abuse its discretion in denying [the
defendant's] motion.").

A district court may modify a term of
imprisonment "in the case of a defendant
who has been sentenced to a term of im-
prisonment based on a sentencing range
that has subsequently been lowered by the
Sentencing Commission." 18 U.S.C.
§ 3582(c)(2). "[O]nly amendments [to the
sentencing guidelines], *clarifying or not,*
listed under subsection (c) of [U.S.S.G.]
§ 1B1.10, and that have the effect of low-
ering the sentencing range upon which a
sentence was based, may be considered for
reduction of a sentence under
§ 3582(c)(2)." *United States v. Arm-
strong,* 347 F.3d 905, 909 (11th Cir.2003)
(emphasis in original).

It is not disputed that, because Flowers
had two prior felony drug convictions when
he was sentenced, the district court was
bound by statute to impose a mandatory
sentence of life imprisonment. *See* 21
U.S.C. 841(b)(1)(A)(iii). Amendment 505
to the Sentencing Guidelines changed the
offense levels in U.S.S.G. § 2D1.1(c), the
Drug Quantity Table, and U.S.S.G.
§ 1B1.10 indicates that the change is ret-
roactively applicable. *See* U.S.S.G.
§ 1B1.10(c), and U.S.S.G.App. C, amend.
505. Because the district court sentenced
Flowers to a statutory mandatory sentence
of life imprisonment pursuant to 21 U.S.C.
§ 841(b), the reduction of certain offense
levels in relation to corresponding drug
quantities located in the Sentencing Guide-

---

1. A review of the PSI and Judgment shows
that Flowers's base offense level was actually
32, which was also his total offense level.

lines Drug Quantity Table, U.S.S.G. § 2D1.1(c), had no effect on Flowers's sentencing range, and therefore he was not even entitled to be considered for a reduction in his sentence based on 18 U.S.C. 3582(c)(2). *See Armstrong*, 347 F.3d at 909 (for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), the relevant amendment to the sentencing guidelines, pursuant to which the reduction is sought, must have the effect of reducing the guidelines range under which the defendant was sentenced). Accordingly, we conclude from the record that the district court did not abuse its discretion by denying Flowers's motion to reduce his sentence.

**AFFIRMED.**